Henry L. BRINSTON, Plaintiff,

v.

Barbara H. DUNN, individually, and in her Official Capacity as Hinds County Circuit Clerk, Hinds County, Mississippi, Defendant.

Civil Action No. 3:95–CV–501(L)(N).

United States District Court,
S.D. Mississippi,
Jackson Division.

Feb. 29, 1996.

Louise Harrell, Jackson, MS, for plaintiff.

Dennis L. Horn, Horn & Payne, Jackson, MS; Armin J. Moeller, Jr., David M. Thomas, II, Aubry Matt Pesnell, Phelps Dunbar, Jackson, MS, for defendant.

## MEMORANDUM OPINION
### AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the application of Ernest McBride for review of the magistrate judge's order granting defendant Barbara Dunn's motion to compel. Defendant has responded to the application, and the court, having considered the memoranda and submissions of the parties, concludes that the application should be granted in part and denied in part.

This 42 U.S.C. § 1983 action was initiated by Henry L. Brinston, who claims that defendant Barbara Dunn, Circuit Clerk of Hinds County, Mississippi, violated his First Amendment rights by terminating him from his position as deputy circuit clerk after Brinston announced his candidacy for circuit clerk. Petitioner Earnest McBride is a reporter who authored an article that appeared in the November 2, 1995 edition of the Jackson Advocate, a Jackson, Mississippi newspaper, in which plaintiff Henry L. Brinston was quoted regarding the operation of the Hinds County Circuit Clerk's office. Defendant sought to depose McBride regarding the contents of the article as well as any other statements made by the plaintiff during the course of the interview which did not appear in the article. Defendant also served on petitioner a subpoena duces tecum seeking production of "any and all documents, notes, records, and/or recordings relating to any interview Mr. McBride had with Mr. Brinston, and any and all documents in his possession, custody or control relating to the article he wrote about Mr. Brinston."

McBride appeared at the deposition and refused even to take the requisite oath based on his assertion of privilege. Defendant then filed a motion to compel his testimony. McBride, along with the publisher of the Jackson Advocate, appeared before the magistrate judge and asked for additional time in order to secure legal counsel. The magistrate judge stayed his decision on the motion and set January 22, 1996 as the deadline for McBride to file a response to the motion. No such response was filed, and the motion to compel was granted at a hearing on January 24, 1996. Neither McBride nor his legal counsel was present at the hearing. McBride now asks this court to overturn the order granting the motion to compel on the ground of privilege. This court must now decide to what extent qualified privilege protects a non-party journalist against compelled disclosure of information obtained in the course of reporting a story.

■ The court's review of an order issued by the magistrate judge is governed by Rule 72 of the Federal Rules of Civil Procedure. In reviewing such an order, the district court must find that the magistrate judge's order is "clearly erroneous or contrary to law." Absent such a finding, an order by the magistrate judge should be upheld.

■ The court first notes that Mississippi has not enacted a "shield law" to protect journalists from compelled disclosure of information gathered in the course of their press duties. Therefore, the court looks only to First Amendment jurisprudence in evaluating petitioner's assertion of privilege.

■ Under the First Amendment, journalists are afforded a qualified privilege from compelled disclosure of information gathered in the course of their duties as journalists. *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *Miller v. Transamerican Press, Inc.*, 621 F.2d 721 (5th Cir.), *supp. op., reh'g denied*, 628 F.2d 932 (5th Cir.1980), *cert. denied*, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 238 (1981) (recognizing journalist's qualified privilege but requiring disclosure of identity of confidential source in libel case when there was no other way for plaintiff to show actual malice); *In re Selcraig*, 705 F.2d 789, 797 (5th Cir.1983) (non-party journalist not required to disclose the identity of a confidential source in civil action without showing that the information is necessary or relevant). This privilege is not absolute, and journalists may be required to disclose information obtained in their role as reporters. "The First Amendment does not invalidate every incidental burdening of the press that may result from the enforcement of civil or criminal statutes of general applicability." *Branzburg*, 408 U.S. at 682, 92 S.Ct. at 2657. In *Branzburg*, the Court held that a journalist must testify before a grand jury regarding crimes that he witnesses in the course of his duties as a reporter, even if a confidential relationship exists between the journalist and the person committing the crime. The Court found that in balancing the interests of society in prosecuting crimes against First Amendment concerns, the latter must give way. "[T]he Constitution does not, as it never has, exempt the newsman from performing the citizen's normal duty of appearing and furnishing information relevant to the grand jury's task." *Id.* at 691, 92 S.Ct. at 2661. However, as Justice Powell noted in his concurring opinion, some form of qualified privilege in favor of the press is necessary to prevent it from becoming an investigative arm of the government. *Id.* at 709, 92 S.Ct. at 2670.

> The asserted claim to privilege should be judged on its facts by the striking of a proper balance between freedom of the press and the obligation of all citizens to give relevant testimony with respect to criminal conduct. The balance of these vital constitutional and societal interests on a case-by-case basis accords with the tried and traditional way of adjudicating such questions.

*Id.* at 710, 92 S.Ct. at 2671 (Powell, J. concurring)(footnote omitted).

Some form of qualified privilege is recognized in nine circuits. *Bruno & Stillman, Inc. v. Globe Newspaper Corp.*, 633 F.2d 583 (1st Cir.1980); *United States v. Burke*, 700 F.2d 70 (2d Cir.), *cert. denied*, 464 U.S. 816, 104 S.Ct. 72, 78 L.Ed.2d 85 (1983); *United States v. Cuthbertson*, 630 F.2d 139 (3d Cir. 1980), *cert. denied, Cuthbertson v. CBS, Inc.*,

449 U.S. 1126, 101 S.Ct. 945, 67 L.Ed.2d 113 (1981); *LaRouche v. National Broadcasting Co.*, 780 F.2d 1134 (4th Cir.), *cert. denied*, 479 U.S. 818, 107 S.Ct. 79, 93 L.Ed.2d 34 (1986); *Miller*, 621 F.2d 721; *Cervantes v. Time, Inc.*, 464 F.2d 986 (8th Cir.1972), *cert. denied*, 409 U.S. 1125, 93 S.Ct. 939, 35 L.Ed.2d 257 (1973); *Farr v. Pitchess*, 522 F.2d 464 (9th Cir.1975), *cert. denied*, 427 U.S. 912, 96 S.Ct. 3200, 49 L.Ed.2d 1203 (1976); *Silkwood v. Kerr–McGee Corp.*, 563 F.2d 433 (10th Cir. 1977); *Zerilli v. Smith*, 656 F.2d 705 (D.C.Cir.1981). However, the Sixth Circuit has refused to recognize any type of privilege for reporters. *In re Grand Jury Proceedings*, 810 F.2d 580 (6th Cir.1987).

In *Miller, supra*, the Fifth Circuit recognized that journalists generally have a qualified privilege not to reveal the identity of a confidential source in a civil case but found that the privilege may be outweighed by necessity and relevance in a libel case. To reach this decision, the court applied the three-prong test set forth in *Garland v. Torre*, 259 F.2d 545 (2d Cir.), *cert. denied*, 358 U.S. 910, 79 S.Ct. 237, 3 L.Ed.2d 231 (1958). Under this test, the court must ask "(1) is the information relevant, (2) can the information be obtained by alternate means, and (3) is there a compelling interest in the information?" *Miller*, 621 F.2d at 726 (citing *Garland*). Using the same balancing approach, the Fifth Circuit in *In re Selcraig, supra*, held that a non-party journalist enjoyed qualified privilege not to reveal the identity of a confidential source where the information sought was only relevant to punitive damages and where disclosure was not necessary to the plaintiff's claims.

Although the Fifth Circuit has not yet addressed the issue of compelled disclosure of a nonconfidential source by a journalist, other circuits have recognized that the First Amendment provides reporters with a qualified privilege not to disclose unpublished information. As the First Circuit noted in *United States v. LaRouche Campaign*, 841 F.2d 1176, 1181–82 (1st Cir. 1988), compelled disclosure of information obtained by a reporter can have a "chilling effect" on the First Amendment right of freedom of the press in many different ways, including hindering the free flow of information between reporters and their sources, threatening judicial or administrative intrusion into the news gathering or editorial process, disadvantaging journalists by making them to appear to be an investigative arm of the judicial system or a research tool of the government or private litigants, creating disincentives to compile and preserve unpublished material, and causing an undue burden on journalists' time and resources in responding to discovery and employing legal counsel. "We discern a lurking and subtle threat to journalists and their employees if disclosure of outtakes, notes, and other unused information, even if nonconfidential, becomes routine and casually, if not cavalierly, compelled." *Id.* at 1182. The Third Circuit noted likewise:

> We do not think that the privilege can be limited solely to protection of sources. The compelled production of a reporter's resource materials can constitute a significant intrusion into the newsgathering and editorial processes. Like the compelled disclosure of confidential sources, it may substantially undercut the public policy favoring the free flow of information to the public that is the foundation for the privilege. Therefore, we hold that the privilege extends to unpublished materials in the possession of CBS. Of course, the lack of a confidential source may be an important element in balancing the defendant's need for the material sought against the interest of the journalist in preventing production in a particular case.

*United States v. Cuthbertson*, 630 F.2d 139, 147 (3d Cir.1980) (citations omitted) (holding that qualified privilege had been overcome in context of criminal case by the defendant's Sixth Amendment rights). Although most circuits recognize some form of qualified privilege for journalists, the outer limits of the privilege are not clear. In *Shoen v. Shoen*, 48 F.3d 412 (9th Cir.1995), the Ninth Circuit held that the author of an investigative book was protected by qualified privilege from the disclosure of unpublished information obtained from one of the litigants, who was a paid nonconfidential source. On the other hand, the Second Circuit held in *von*

*Bulow v. von Bulow,* 811 F.2d 136 (2d Cir.), *cert. denied,* 481 U.S. 1015, 107 S.Ct. 1891, 95 L.Ed.2d 498 (1987), that the author of an investigative book could not invoke qualified privilege to prevent the compelled disclosure of information imparted to her by a nonconfidential source.

■■■ A journalist asserting qualified privilege is required at all times to submit to the authority of the courts in the same manner as any other member of society. *Branzburg,* 408 U.S. at 691, 92 S.Ct. at 2661. However, the court must guard closely against the chilling effects that would result from subjugating reporters to the whims of attorneys seeking discovery of information obtained in the course of reporting a story, especially when the relevance and necessity of obtaining the information are questionable. *Miller,* 628 F.2d at 932. Therefore, the court must weigh First Amendment interests against the interests of the party seeking discovery from a journalist before compelling that journalist to disclose unpublished information that was obtained in the course of reporting a story.

■■■ In the present case, the court finds that the magistrate judge, who was disadvantaged by the absence of an appearance by petitioner or his legal counsel, acted properly in compelling petitioner to submit to a deposition and take an oath affirming that his answers would be truthful. It was also proper to require petitioner to answer questions regarding the truthfulness and accuracy of the contents of the article he authored, including whether statements attributed to plaintiff in the article were in fact made by the plaintiff since this does not impermissibly infringe on the First Amendment right to freedom of the press. However, it was contrary to law to compel petitioner to disclose unpublished information obtained in the course of writing the article without weighing the relative interests of the defendant against potential infringements on the protection afforded to the press by the First Amendment. Furthermore, the relevance and necessity of acquiring such information are questionable. At the very least, the defendant must demonstrate that the information sought to be obtained from petitioner is relevant and at least arguably necessary. Defendant has not met this burden. For example, defendant stated in her motion to compel that the information sought was relevant to defendant's filing a motion for summary judgment, but defendant has since moved for summary judgment and submitted a copy of petitioner's article in support thereof without obtaining discovery from petitioner. After considering the submissions of the parties, the court finds that the potential infringements on the First Amendment outweigh the articulated reasons for requiring petitioner to submit to full disclosure of unpublished information.

For the foregoing reasons, it is hereby ordered that the magistrate judge's order granting the motion to compel is affirmed in part and overruled in part. Petitioner is ordered to submit to discovery by defendant on the limited issue of the contents of the article which he authored and the truthfulness and accuracy of the assertions therein, including whether statements attributed to the plaintiff in the article were in fact made by the plaintiff. However, defendant may not inquire into unpublished information obtained by the petitioner in the course of his journalistic duties.

SO ORDERED.